### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CRIMINAL NO. 05-30174-02-GPM |
| | ) |
| **EDGAR A. KELLY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Edgar A. Kelly pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute marihuana and possession with intent to distribute marihuana. He was sentenced in August 2006 to a total term of imprisonment of 100 months, 10 years of supervised release, a fine of $1,000, and a $200 special assessment. In December 2006, the Court granted his motion for return of the money posted by N. Krumah Kelly as security on Defendant's bond.

In April 2010, Defendant filed a motion for return of property and an amended motion for return on property under Federal Rule of Criminal Procedure 41, seeking the return of money that he claims was unlawfully seized (Docs. 166, 167). The Court denied the motions on June 11, 2010 (*see* Doc. 168). Shortly thereafter, Defendant filed another motion for return of property, which the Court again denied on June 25th (*see* Docs. 169, 170). Defendant then filed a notice of appeal and "Petition for Certificate of Appealability from Dismissal of 28 U.S.C. § 2241" (Doc. 171).

A habeas corpus petitioner may not proceed on appeal without a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(1)(B) and (c)(2). Under § 2253(c)(3), any certificate of appealability issued under paragraph (1) must indicate which specific issue or issues satisfy the showing required by paragraph (2). But Defendant did not file a habeas corpus petition under 28 U.S.C. § 2241.[1] He filed multiple motions under Rule 41, which the Court denied. Defendant never challenged the lawfulness of the search and seizure of the money he wants returned. His co-defendant challenged the search of a tractor trailer, and the Court found the stop to be lawful (*see* Doc. 69). There is no basis for the Court to grant Defendant's requests under Rule 41(g); as stated in the Orders denying the motions, this Court simply cannot provide the relief Defendant seeks based on the record before it. The Court **DECLINES** to issue a certificate of appealability because habeas relief has not been sought. The motion for a certificate of appealability (Doc. 171) is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to designate Defendant's June 18th filing (Doc. 171) as a notice of appeal and submit the short record to the United States Court of Appeals for the Seventh Circuit, along with a copy of this Order. The Clerk of Court is **FURTHER DIRECTED** to send to Defendant a form petition for filing a habeas corpus action under 28 U.S.C. § 2241. If Defendant intends to file a petition under § 2241, he shall do so by filing a new civil action on the form provided by the Clerk.

**IT IS SO ORDERED.**

DATED: 10/06/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] The Court has searched the Public Access to Court Electronic Records (PACER) case locator system and is unable to find any habeas petition filed by Defendant in any federal court.